# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JASON GROSS,

      Plaintiff,

      v.

VILLAGE OF MINERVA PARK
VILLAGE COUNCIL, *et al.*,

      Defendants.

Case No. 2:12-cv-00012
JUDGE SMITH
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Judgment on the Amended Pleadings (Doc. 18). This motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

According to the Amended Complaint in this action, Plaintiff Jason Gross ("Plaintiff") is currently employed by the Village of Minerva Park ("Village") as a police officer. The Village is a municipal corporation of the State of Ohio. Defendant Village of Minerva Park Village Council ("Council") is the legislative body of the Village. Defendant Lynn Eisentrout ("Eisentrout") is Mayor of the Village. (Am. Compl., Doc. 15, ¶¶ 5–7).

On July 18, 2011, Eisentrout terminated Plaintiff's employment. Eisentrout notified Plaintiff, pursuant to Ohio Revised Code §737.19(B), of his right to appeal her removal decision to Council. Plaintiff appealed to Council and specifically requested that Council conduct a

public hearing pertaining to the issue of his removal. On September 21 and 26, 2011, Council heard Plaintiff's appeal. Plaintiff, through counsel in open session, presented evidence and argued for reinstatement. At some point on September 26, Council convened an executive session, which was not open to the public, for the purpose of deliberating the issue of Plaintiff's removal. Following the executive session, Council returned to open session and modified Eisentrout's decision, imposing on Plaintiff a three-week unpaid suspension instead of removal. On October 10, 2011, Council adopted written findings of fact and conclusions of law, confirming its September 26 suspension decision. (*Id.* at ¶¶ 9–13, 16; Exs. A, B).

Plaintiff appealed Council's suspension decision to the Franklin County Court of Common Pleas. Separately, Plaintiff filed the instant action in the Franklin County Court of Common Pleas, which Defendants subsequently removed to this Court. Plaintiff asserts two claims in his Amended Complaint: (1) statutory violation of the Ohio Open Meetings Act ("OMA"), Ohio Rev. Code §121.22 and (2) due process violation of the Fourteenth Amendment to the United States Constitution, brought under 42 U.S.C. §1983. The first claim is against Council only; the second claim is against Eisentrout only, in her individual and official capacity.

Defendants now move to dismiss Plaintiff's first cause of action based on the pleadings.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829

2

F.2d 10, 11 (6th Cir. 1987) (noting that where a Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Johnson v. Hayden*, 67 Fed. Appx. 319, 323 n.4 (6th Cir. 2003). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The merits of the claims set forth in the complaint are not at issue. Rather, a court considering a 12(b)(6) motion to dismiss must "construe the complaint in the light most favorable to the [plaintiff]," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In this context, however, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. While a complaint need not contain "detailed" factual allegations, its factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Accordingly, the Court will grant a motion for judgment on the pleadings if there is no law to support a claim of the type made; no facts sufficient to make a valid claim; or if, on the face of the complaint, there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). Stated differently, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation omitted).

### III. OHIO OPEN MEETINGS ACT

The Open Meetings Act, Ohio's "Sunshine Law," is codified at Ohio Revised Code §121.22. The following provisions are relevant to this case:

> (A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.

4

(B) As used in this section:

\*\*\*\*

(2) "Meeting" means any prearranged discussion of the public business of the public body by a majority of its members.

\*\*\*\*

(C) All meetings of any public body are declared to be public meetings open to the public at all times. . . .

\*\*\*\*

(G) Except as provided in division (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:

(1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. . . .

\*\*\*\*

(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. . . .

## IV. DISCUSSION

Plaintiff's first cause of action alleges that Council's deliberations in executive session, which led to the September 26 decision and October 11 resolution, were not in compliance with Ohio Rev. Code §121.22. Accordingly, Plaintiff alleges that Council's formal decision to suspend him is invalid under §121.22(H).

Defendants argue in their Rule 12(c) motion that Plaintiff received the public hearing that he was entitled to under Ohio Rev. Code §737.19, but that such public hearing requirement did not bind Council to deliberate in public since it was fulfilling a quasi-judicial function, which is not subject to the provisions of §121.22. Alternatively, Defendants argue that Plaintiff is precluded from asserting a claim under §121.22 because he did not raise the argument in his administrative appeal (*i.e.*, a failure to exhaust administrative remedies).

In response, Plaintiff focuses on the express language of §121.22(G)(1) as providing a requirement for public deliberations whenever a public employee requests a statutorily-mandated public hearing. Plaintiff asserts that the case law addressing the quasi-judicial argument does not apply in this matter. Plaintiff further contends that there is no exhaustion of remedies requirement under the OMA, and that he had the legal right to pursue his OMA claim separately from his administrative appeal.

Thus, Defendants' motion raises two questions: (1) when an affected party has a statutorily-authorized right to a public adjudicatory hearing before a public body, and the party requests and receives such hearing, may the public body thereafter privately deliberate the issue in executive session without violating the OMA; and (2) must a public employee who files an administrative appeal under Ohio Rev. Code Chapter 2506 assert any OMA claims within the administrative appeal before pursuing a separate action under §121.22(I)?

This Court's obligation is to determine what the Ohio Supreme Court would do if presently faced with these questions. *Gross v. Kenton Structural & Ornamental Ironworks, Inc.*, 581 F. Supp. 390, 392 (S.D. Ohio 1984). "A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were

exercising its diversity jurisdiction." *Chandler v. Specialty Tires of Amer., Inc.*, 283 F.3d 818, 823 (6th Cir. 2002) (citation omitted). Consequently, this Court must apply Ohio law in accordance with the Ohio Supreme Court's controlling decisions. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). If the Ohio Supreme Court has not issued any on-point decision, then it is appropriate for this Court to review the intermediate appellate courts as "the next best indicia of the state's position." *CIT Group/Equip. Fin., Inc. v. New GIFL, Inc.*, 823 F. Supp. 479, 485 (N.D. Ohio 1993) (quoting *Matulin v. Village of Lodi*, 862 F.2d 609, 616 (6th Cir. 1988)); *see also Ziegler*, at 517 ("If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue."). But the lower court decisions are not binding on this Court if it is convinced by other persuasive factors that the Ohio Supreme Court would decide differently. *Gray v. Green Tokai Co., Ltd.*, No. 3:06-cv-004, 2007 WL 1026425, at *2 (S.D. Ohio Mar. 30, 2007).

With these standards in mind, the Court will now address the issues presented.

### A. Council Deliberations

The parties dispute whether Council's private deliberations about Plaintiff's removal violated the OMA. The parties have approached this issue from two different directions. Defendants offer a broader look at Ohio case law—focusing on the over-arching legal principles applied in cases where plaintiffs, with statutorily-authorized hearing rights under various statutory provisions, alleged that the public entity involved had violated the OMA by, among other things, deliberating in private following their public hearings. Plaintiff, on the other hand, offers a narrowly-focused, fact-intensive view of the law—relying on the statutory language, one

7

appellate decision applying the OMA in the context of a §737.19 hearing, and one employment-related Ohio Supreme Court case.

It is undisputed that the Ohio Supreme Court has not addressed this deliberations issue in as narrow a fashion as Plaintiff would like—a case involving a public employee, who requests a "public hearing," to which he is statutorily-entitled, before a legislative authority, which deliberates the evidence in executive session, despite the employee's objection to the contrary.[1] Because there is no such Ohio Supreme Court decision, Plaintiff would have this Court primarily rely on *Conner v. Village of Lakemore*, 48 Ohio App. 3d 52 (9th App. Dist. 1988), the only Ohio appellate decision that meets these precisely-defined criteria. But this Court does not believe that such a narrow interpretation of Ohio case law is warranted here. The Ohio Supreme Court offers considerable guidance in substantially similar frameworks, albeit between different types of affected parties and public entities than a police officer and a village council. The opinions in *TBC Westlake, Inc. v. Hamilton Cty. Bd. of Revision*, 81 Ohio St. 3d 58 (1998), and *Ohio ex rel. Ross v. Crawford Cty. Bd. of Elections*, 125 Ohio St. 3d 438 (2010), in combination with other Ohio appellate decisions containing similar reasoning, dictate that this Court find in favor of Defendants. Plaintiff's attempt to limit these cases to their facts is not well-taken.

*TBC Westlake* involved a real property valuation dispute, which the corporate property owner appealed to the Ohio Board of Tax Appeals ("BTA"). *See* 81 Ohio St. 3d at 58–59. The BTA held a public hearing, pursuant to Ohio Admin. Code §5717-1-15, and issued a decision, which was then appealed to the Ohio Supreme Court. *Id.* at 59–60. The Supreme Court was

---

[1] Not even the one Ohio Supreme Court decision that Plaintiff relies on, *Matheny v. Frontier Local Bd. of Educ.*, 62 Ohio St. 2d 362 (1980), meets these criteria because the public school teacher did not have a statutory right to a public hearing before the school board, leading the court to find no OMA violation for the board's private deliberations regarding the teacher's contract. *Id.* at 1045.

8

faced with the issue of whether the OMA applied to the adjudication proceedings at the BTA. *Id.* at 61. The court determined that the BTA was acting as a quasi-judicial body by conducting a hearing in the nature of a legal proceeding, providing notice and the opportunity to introduce testimony through witnesses, and exercising discretion to resolve the dispute between conflicting parties. *Id.* at 62. The court specifically held that "the Sunshine Law does not apply to adjudications of disputes in quasi-judicial proceedings, *such as* at the BTA." *Id.* (emphasis added). The court reasoned that quasi-judicial bodies require privacy to deliberate so that they can evaluate and resolve disputes away from the pressure of the litigants involved. *Id.* "Privacy provides an opportunity for candid discussion . . . on the legal issues and the facts [in order for the quasi-judicial body to] reach a sound decision." *Id.*

In *Ross*, a voter brought proceedings in the Ohio Supreme Court after the county board of elections ("BOE") removed him as an eligible voter at his registered address. *See* 125 Ohio St. 3d at 438. The BOE had held an adjudicatory hearing, pursuant to Ohio Rev. Code §3503.24(B), that was open to the public. *Id.* at 439. At the conclusion of the public hearing, in which testimonial and documentary evidence was received and arguments were made, the BOE retired into executive session to deliberate in private. *Id.* The BOE determined that the voter was not a qualified elector. *Id.* Before the Supreme Court, the voter argued that the BOE had violated the OMA by failing to vote in public to hold an executive session and then failing to publicly vote after the deliberations. The court disagreed. In reaching its decision, the court affirmed its earlier finding in *Matheny* that "the Sunshine Law applies to meetings but not to certain hearings." *Id. at* 442. The court further explained that the OMA "is only applicable to public bodies performing public functions at public meetings." 125 Ohio St. 3d at 443. Thus, a public body

performing a quasi-judicial function is not covered by the OMA. *Id.* "[And] because a quasi-judicial proceeding . . . is not a meeting for purposes of R.C. 121.22, the Sunshine Law is inapplicable from the outset." *Id.* at 444.

Within its *TBC Westlake* opinion, the Ohio Supreme Court cited favorably to the decisions of *In re City of Westerville v. Hahn*, 52 Ohio App. 3d 8 (1988), and *Angerman v. State Med. Bd.*, 70 Ohio App. 3d 346 (1990), which, notably, both arose from the 10th Appellate District, where the instant matter originated. In *Westerville*, the appellants argued that the Franklin County Board of Commissioners' order of annexation was invalid because the board's decision resulted from private deliberations in violation of §121.22. *See* 52 Ohio App. 3d at 11. The appellate court disagreed: "An R.C. 709.032 annexation hearing is a quasi-judicial proceeding. As a formal hearing, statutorily mandated, an annexation hearing held pursuant to R.C. 709.032 falls into the category of gatherings which are not meetings. Hence, such hearing is not subject to the requirements of R.C. 121.22 . . . ." *Id.* at ¶4 of syllabus.

In *Angerman*, the appellant argued that the State Medical Board violated §121.22, thus invalidating the board's decision to revoke appellant's medical license, because the board's deliberations were not conducted in a meeting open to the public. *See* 70 Ohio App. 3d at 351. The court again disagreed: "Although R.C. 121.22 makes no general exception for judicial or quasi-judicial deliberations, . . . it necessarily follows that such deliberations are not intended to be within the purview of the open-meeting requirement of R.C. 121.22." *Id.* The court reasoned that the reference to a "public" hearing in 121.22(G)(1) applies only to the hearing itself. *Id.* at 352. Thus, the court concluded that "the deliberations of a quasi-judicial administrative tribunal as to the action to be taken following a public hearing upon charges against a licensee need not

10

be open to either the licensee or the public . . . ." *Id.*[2]

Other Ohio appellate courts have likewise applied the quasi-judicial exception to find no OMA violation by public entities that engaged in private deliberations, including a case from the 9th Appellate District, from which *Conner* was decided over a decade before. See *Castle Manufactured Homes, Inc. v. Tegtmeier*, No. 98CA0065, 1999 WL 771605, at *5–*6 (9th App. Dist. Sept. 29, 1999) ("Because the Zoning Board was acting in a quasi-judicial capacity, R.C. 121.22 did not apply to its deliberations [held in executive session] regarding the 1998 variance request."); *see also Ohio ex rel. Eaton v. Erie Cty. Bd. of Elections*, No. E-05-065, 2006 WL 513910, at *5–*6 (6th App. Dist. Feb. 28, 2006) (concluding that board of election's hearing on challenge to elector's status was a quasi-judicial proceeding not subject to R.C. 121.22, thus board's weighing of evidence in private executive session was acceptable); *Groff-Knight v. Bd. of Zoning Appeals*, No. 03CAH08042, 2004 WL 3465744, at *5 (5th App. Dist. June 14, 2004) ("[T]he deliberative nature of the quasi-judicial function of the board of zoning appeals is not a meeting for purposes of R.C. 121.22. The hearing, evidence, motion and vote pursuant to R.C. 519.14 are open to the public, but the deliberations are not.").

In sum, Ohio Supreme Court precedent, as well as a preponderance of relevant appellate court decisions, have established the following:

> (1) Affected parties who request a "public hearing" before a public body do not automatically receive such a hearing, pursuant to §121.22(G), unless a separate statutory provision entitles them to it.
>
> (2) Even when an affected party is allowed a "public hearing," this does not

---

[2] Notably, "licensees" and "employees" are treated equally within Ohio Rev. Code §121.22(G)(1).

automatically mean that the public body must deliberate the evidence received at the hearing in an "open meeting."

(3) When a public body is acting in a quasi-judicial capacity, the adjudicatory hearing process—including the deliberations that follow—is not a "meeting" under the OMA; thus these deliberations may be held privately in executive session.

This Court finds no reason why the Ohio Supreme Court would not apply these legal principles to Plaintiff's case. There is no dispute that Plaintiff requested a public hearing, pursuant to §121.22(G), on the issue of his removal. There is no dispute that Plaintiff was statutorily entitled to a hearing pursuant to §737.19. There is no dispute that Council fully complied with the provisions of §737.19, including hearing the matter at the next regularly scheduled meeting, and allowing Plaintiff to be represented by counsel to present evidence and argument in his defense. There is no dispute that Council was obligated to deliberate the evidence and use its discretion to determine whether to dismiss the charges against Plaintiff, uphold Eisentrout's judgment, or modify Eisentrout's judgment. There is no dispute that Council's final decision was appealable to the Franklin County Court of Common Pleas, and that Plaintiff did in fact appeal, pursuant to Ohio Rev. Code Chapter 2506. Under these circumstances, then, there can be no dispute that Council's §737.19 hearing was a quasi-judicial proceeding. *See TBC Westlake*, 81 Ohio St. 3d at 62; *M.J. Kelley Co. v. City of Cleveland*, 32 Ohio St. 2d 150, 153 (1972).

Accordingly, Council's executive session to privately deliberate Plaintiff's case following its public adjudicatory hearing was not covered by the OMA, so Plaintiff cannot have

a claim for relief under the OMA. Defendants, therefore, are entitled to judgment as a matter of law on Plaintiff's First Cause of Action.

### B. Exhaustion of Administrative Remedies

Because the Court finds the quasi-judicial argument dispositive in this case, the Court declines to address Defendants' alternative argument regarding Plaintiff's alleged failure to exhaust administrative remedies as to his OMA claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Partial Judgment on the Amended Pleadings (Doc. 18). Accordingly, Plaintiff's claim under the Ohio Open Meetings Act (First Cause of Action) is hereby **DISMISSED**. Plaintiff's 42 U.S.C. §1983 claim (Second Cause of Action) remains pending.

The Clerk shall remove Document 18 from the Court's pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**